liPICKETT, Judge.
The Plaintiffs appeal a judgment rendered by the trial court. In this boundary action, the trial court found that the eastern boundary of the Plaintiffs’ property and the western boundary of the. Defendants’ property had never been established. The trial court further found that the Plaintiffs were the owners of the western 100 acres of the original contiguous tract originally owned by the Plaintiffs and Defendants’ ancestor in title. Thereafter, the trial court ordered a survey to establish a boundary with the costs to be shared by both parties. For the reasons set forth below, we affirm.
FACTS
| aThis matter comes before us as a result of a boundary action between the Plaintiffs [1] and the Defendants.[2] The Plaintiffs are owners in indivisión of immovable property located in the Bayou Chicot community of Evangeline Parish, Louisiana. The property immediately east of this land is owned by the Plaintiffs and Defendants. Both tracts at one time belonged to the Plaintiffs and Defendants’ ancestor in title, Captain Samuel Haas. Captain Haas purchased the property in three separate transactions from Charlotte Peck Heath.
The first on December 17, 1873, by Act Number 13148 of the Conveyance Records of St. Landry Parish, conveyed the following property:
[A] certain tract or parcel of land situated and lying in the settlement of Bayou Chicot, in said parish bounded north by land of Samuel Haas, south by William Thomas, east by land of Mrs. Charlotte Peck Heath and the Bayou Chicot and west by [the] public road, being all the land on [the] west side of Chicot Bayou containing 100 acres more or less with all improvements thereon.
The second sale was on March 16,1877, by Act Number 15352 of the Conveyance Records of St. Landry Parish, which conveyed “a certain [tract] or parcel of land situated and lying on the east side of Bayou Chicot, described and bounded as follows, to-wit:”
Beginning on the south side of the public road, running from Bayou Chicot to Holmesville at the east end of Bayou Chicot Bridge and running nearly north on a straight line as near as possible to the bayou not touching the bayou at any point to MRS. C.P. HEATH and MISS MARY ESTHER HEATH, north line intersecting the north line between T.H. Thompson’s farm and said Sam Haas’ farm and thence along the said north line west to Bayou Chicot thence south along the said bayou to [the] beginning point at the bridge.
|3The final act of sale between Captain Haas and Mrs. Heath was on March 1, 1880, by Act Number 18480 of the Convey- *874 anee Records of St. Landry Parish, which conveyed the following property:
[A] certain tract or parcel of land with all the improvements thereon situated in [the] Bayou Chicot Settlement known as the Beach Wood Plantation and being the place where John (S. or D.) Heath last resided bounded as follows to-wit: North and North West by lands of Mrs. Lee and [the] Prescott heirs, T.H. Thompson and purchaser, East by lands of David and Obed Griffith, South by the Public Road running from Bayou Chicot to Bayou Bouef, and West by the Bayou Chicot and lands of [the] purchaser containing four hundred acres more or less.
Captain Haas died on January 9, 1919. His estate was inherited by his four children: Dr. John A. Haas, Hattie Haas, A.M. Haas, and Leon S. Haas, Sr. On April 15, 1924, Hattie Haas and Natalie Haas, the daughter and sole heir of Dr. John A. Haas, conveyed the following to Leon Haas, Sr.:
All their undivided right, title and interest in and to a certain tract or parcel of land, together with all the buildings and improvements thereon, situated at Bayou Chicot, Evangeline Parish, Louisiana, containing One Hundred (100) acres, more or less, and being bounded on the North by land owned jointly by the Estfate] of Samuel Haas and the Est[ate] of J.E. Hawkins; South by [the] public road leading from Ville Platte to St. Landry, and land of Sam Thomas; East by property of the Estate of Samuel Haas known as the Heath place; West [by the] public road leading from Ville Platte to Turkey Creek. The above property being what is known as the old Samuel Haas home place, and included five acres on which the old store building and cotton gin are situated, acquired by Samuel Haas from Jane Foreman, and two acres known as the John Heath tract, and all embraced within the above boundaries.
Leon Haas, Sr. bought A.M. Haas’ interest in the above described property in a sale from the Estate of A.M. Haas, through his minor daughter, Martha Haas, on December 20, 1924. Subsequently, Leon Haas, Sr. made a dation en paiment to his wife Mary Roos Haas of the same property described above, as well as other properties, on September 18,1928.
|4In the present action, the Plaintiffs, the descendants of Leon Haas, Sr. and Mary Roos Haas, filed suit to determine the boundary between their property and the property they co-own with the Defendants. The trial court concluded that the eastern boundary of the Plaintiffs’ property and the western boundary of the Defendants’ property had never been established. The trial court further concluded that the Plaintiffs were the sole owners only of the western 100 acres of the original contiguous tract originally owned by the Plaintiffs and Defendants’ ancestor in title. Thereafter, the trial court ordered a survey to establish a boundary with the costs to be shared by both parties. Plaintiffs now appeal.
OPINION
In their appeal, the Plaintiffs set forth eleven assignments of error, namely:
1. The trial court committed manifest error in finding that the eastern boundary of the Plaintiffs’ property (the Sam Haas Homeplace) and the western boundary of the Defendants’ property (the Heath Place) had never been established when, in fact, the boundary between the two tracts had clearly been establish by the deed of 1877.
2. The trial court committed manifest error in finding the intention of the parties to the acts of sale by which Leon Haas, Sr. acquired the property could not be determined due to their unavailability when there was ample evidence of the parties’ intentions and the documents themselves clearly established the boundary.
*875 3. The trial court committed manifest error in holding that there was no way of knowing what portion of the land was considered to be the Heath Place when the weight of the evidence clearly established that the Heath Place was the land located east of Bayou Chicot and described in the 1880 conveyance document.
4. The trial court committed manifest error in holding that the eastern boundary of the Sam Haas Home-place was not described by natural monuments, artificial monuments or distances and courses when the boundary was described by both a natural monument (Bayou Chicot) and reference to a contiguous tract of land (the Heath Place).
| ¿5. The trial court committed manifest error in finding that the Plaintiffs were the owners of only the western 100 acres of the larger tract of land formerly known as the Old Sam Haas Homeplace and ordering that a survey be appointed to fix the eastern boundary of Plaintiffs’ property based upon ownership of 100 acres only.
6. The trial court committed manifest error in refusing to set the boundary as per the survey of John Miller and the legal description prepared by John Miller.
7. The trial court erred in finding that Plaintiffs had exercised possession of only 100 acres and that Defendants had exercised possession of “their acreage.” Plaintiffs had ownership interest in both tracts of land and therefore there could be no distinction between Defendants’ possession as opposed to that of Plaintiffs.
8. The trial court erred in admitting Exhibits D-6, D-13, D-20, D-21 and D-22, which were tax assessment records, into evidence and committed manifest error in considering these documents as evidence of the exercise of ownership or possession of the property.
9.The trial court erred in admitting Exhibit D-9, an aerial photograph, and Exhibits D-ll, D-12 and D-19, which were copies of Tobin maps, into evidence, when they were adulterated, had no probative value and no proper foundation was laid for their admission.
10. The trial court erred in admitting Exhibit D-10, a letter from Franklin Mikell. No foundation was laid for the introduction of the letter, the contents of the letter are hearsay and the document has no relevance to the issue of the location of the boundary.
11. The trial court erred in failing to asses the cost of the survey of John Miller as cost on this matter and in assessing Plaintiffs one-half of the costs of the suit.
As assignment numbers one, two, three, four, five and seven are interrelated, they will be discussed as one.
An appellate court may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). The Louisiana Supreme Court has set forth a two-part test for |fithe reversal of a fact finder’s determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court or jury, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong or manifestly erroneous. Mart v. Hill, 505 So.2d 1120 (La.1987); Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
This dictates that a reviewing court must do more than simply review the record for some evidence which supports the finding of the trial court or jury. The reviewing court must review the record in its entirety to determine whether the trial court’s or jury’s finding was “manifestly *876 erroneous” or “clearly wrong.” Stobart, 617 So.2d 880. Furthermore, the reviewing court must always keep in mind that if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even if convinced that had it been sitting as the trier of fact it would have weighed the evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106 (La.1990).
In concluding that the boundary between the Plaintiffs’ and the Defendants’ property had not been established, the trial court stated:
The controlling consideration in any cases [sic], however, is the intention of the party or the parties. Segrero [sic] v. Mouton, [(La.App. 3 Cir. 11/30/65),] 180 So.2d 775; Dufrene v. Bernstein, 190 La. 66, 181 So. 859 [(1938)]. To determine the intent of the parties the plaintiffs [sic] urge the Court that it should consider “the old Samuel Haas Home-place” to be the property contained in the first two deeds to Sam Haas from Charlotte [Heath].
Unfortunately for the Court there is no one alive who can tell the Court what the intent of the parties was with regards to what comprised [the] “Samuel Haas Homeplace”. [sic] It also would have been a great help to the Court had the attorneys handling the Sam Haas Estate entered a decent description of the the Sam Haas Homeplace in the judgment of possession, however, this did not happen. The Court, therefore, must look to the scant facts and the deeds to make the determination.
|7The description of the sale to Leon Haas, Sr. describes the eastern boundary as “east by the property of the Estate of Samuel Haas known as the Heath Place”.[sic] The entire tract including the “old Samuel Haas Home-place” was once known as the “Heath Place”, [sic] The Court has no way of knowing what portion of the land was considered the Heath Place and what portion was considered the old Samuel Haas Homeplace. The eastern boundary is not described in the deeds by natural monuments, or by artificial monuments or by distances or courses. When the description does not contain a call of monuments, distances or courses, or where all of these preferred calls fail for some reason, then the call which specifies only acreage or quantity must be given effect and it must control. Meyer v. Comegys, 147 La. 851, 86 So. 307 [(1920)].
It would seem to be dubious whether plaintiffs can lay claim to more than one hundred acres even if they had shown exercise of possession of more than 100 acres lying to the East of their property since they are co-owners with defendants. This would also hold true for the defendants. Co-owners cannot acquire by possession any part of the property co-owned.
The court would note that plaintiffs have apparently only exercised possession of the one hundred acres (timber deeds; taxes). Defendants on the other hand only exercised possession of their acreage (timber deed; taxes).
The Court finds that the eastern boundary of plaintiffs and western boundary of defendants has never been established. The Court finds plaintiffs are the owners of the western one hundred acres of the original contiguous tract originally owned by plaintiffs [sic] and defendant’s [sic] ancestor in title Samuel Haas and designated as the Old Samuel Haas Homeplace situated at Bayou Chicot, Evangeline Parish, lying between U.S. 167 on the west and Hwy. 106 and Stagecoach Road.
After reviewing the entire record, we agree with the trial court’s conclusions. Under our jurisprudence, it is well settled that the order of importance or value of the various calls which may be included in a description are: (1) Natural monuments; *877 (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. However, the controlling consideration in any case is the intention of the party or parties. Amaud v. Barber, 225 So.2d 656 (La.App. 3 Cir.), writ denied, 254 La. 854, 227 So.2d 594 (1969); Sagrera v. Mouton, 180 So.2d 775 (La.App. 3 Cir.1965), writ denied, 182 So.2d 73 (La.1966).
|8In the instant matter, the eastern boundary of the Plaintiffs’ property was never established. When the Plaintiffs’ ancestor in title, Leon Haas, Sr., purchased the entire interest in the disputed property in 1919 and 1924, the eastern boundary was described only as the “property of the Estate of Samuel Haas known as the Heath [P]lace.” However, as noted by the trial court, the entire tract originally purchased by Captain Haas was once known as the “Heath Place.” The Plaintiffs argue that the disputed property includes all the property included in the 1873 and 1877 conveyances. We do not agree. It is impossible from the description given in the 1919 and 1924 deeds to determine where the parties intended the boundary to be located. As stated by the trial court, “[t]he eastern boundary is not described in the deeds by natural monuments, or by artificial monuments or by distances or courses.”
The Plaintiffs also contend that the “Heath Place” is the property sold in the 1880 conveyance, and that the western boundary was set in the conveyance as Bayou Chicot. We also find this argument flawed. The land conveyed in the 1880 deed was known as the “Beach Wood Plantation.” Had the “Heath Place” been comprised of the land east of Bayou Chicot as described in the 1880 conveyance, the simplest description for the eastern boundary in the 1919 and 1924 conveyances would have also been Bayou Chicot. The deeds do not designate Bayou Chicot as the eastern boundary.
Accordingly, we find no error in the trial court’s conclusion that the Plaintiffs only own the western 100 acres of the original tract. We further find no error in the trial court’s ordering a survey to fix the eastern boundary of the Plaintiffs’ property. These assignments of error are without merit.
In their sixth assignment of error, the Plaintiffs allege that the trial court committed manifest error in refusing to set the boundary as per the survey and legal 19description by John Miller. A survey predicated on sound surveying principles should be accepted unless the record shows that it is incorrect. Suire v. Vermilion Parish School Bd., 614 So.2d 203 (La.App. 3 Cir.1993).
In the matter before us, sound surveying principles were not used. Mr. Miller testified that he did no research before conducting his survey, but only used the documents given to him by the Plaintiffs’ counsel. Mr. Miller further testified that he was instructed to plot a boundary in accordance with the 1877 conveyance. These actions clearly negate the survey’s accuracy, and we find no error in the trial court’s refusal to accept the survey. This assignment of error is without merit.
Assignment of error numbers eight, nine and ten will also be discussed as one as they are interrelated. In these assignments of error the Plaintiffs allege that the trial court erred in admitting certain exhibits into evidence.
Generally, the trial court is accorded discretion concerning the admission or exclusion of evidence on the grounds of relevance. La.Code Evid. arts. 401-403. The trial court is also given a great deal of discretion in assessing the probative value of evidence. Hebert v. Angelle, 600 So.2d 832 (La.App. 3 Cir.), writ denied, 604 So.2d 997 (La.1992). Thus, a trial court’s decision admitting or excluding evidence will not be reversed in the absence of a finding of abuse of discretion. Id.
We find no abuse of discretion in the trial court’s admitting the tax assessment records, the aerial photograph or the *878 copies of the Tobin maps into evidence. All of these items were properly admitted and were relevant to the action below. Assignment of error numbers eight and nine are without merit.
The Plaintiffs further contend that the trial court erred in admitting a letter from Franklin Mikell into evidence. The Plaintiffs contend that no foundation was laid for the introduction of the letter and, the contents of the letter are hearsay and are not |1flrelevent to this matter. However, even if we disregard the letter, there is ample other evidence to support the trial court’s findings. We therefore conclude that if the trial court erred in admitting the letter, such error was harmless error.
In their final assignment of error, the Plaintiffs argue that the trial court erred in assessing costs. Specifically, they contend that the trial court erred in failing to assess the survey of Mr. Miller as costs in this matter and in assessing them with one-half of the costs of this suit.
Louisiana Code of Civil Procedure Article 1920 provides, in pertinent part, that “the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” Only upon a showing of an abuse of discretion .may an assessment of costs be reversed. Este’ v. State Farm Ins. Co., 96-99 (La.App. 3 Cir. 7/10/96), 676 So.2d 850. Furthermore, La.Civ.Code art. 790 provides, in pertinent part, “[w]hen the boundary is fixed judicially court costs are taxed in accordance with the rules of the Code of Civil Procedure. Expenses of litigation not taxed as court costs are borne by the person who has incurred them.”
In this instance, the trial court failed to assess Mr. Miller’s original survey as court costs. This survey was done at the Plaintiffs’ direction in preparation for their lawsuit. Furthermore, the survey was prepared by Mr. Miller pursuant to the instructions of the Plaintiffs’ counsel. As such, we find no abuse of discretion in the trial court’s failure to assess the survey as court costs. We further find that it was equitable for the trial court to assess the costs of court to both sides in light of the fact that the fixing of the boundary between the properties would clearly benefit both sides. Therefore, we find this assignment of error to be without merit.
DISPOSITION
InFor the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs of this appeal are assessed to the Plaintiffs-Appellants.
AFFIRMED.

. Plaintiffs in this matter include Nancy Haas Kimbrough, Mary Kathryn Haas Scott, Leon Haas, Jr., Blanche Marcantel Haas, Ellen Haas Johnson, Mary Esther Haas Courville, Elese Haas Hoover, and Jerome C. Haas, Jr.

. Defendants in this suit are Nathalie Haas Hirsch, Nancy M. Carruth, Franklin H. Mi-kell, Montez Constant, Benjamin R. Franklin III, Martha Hindes, Harriet Smith, Joe M. Haas, and, to the extent they possess any interest, his children, Katherine L. Haas, Suzanne Haas McCann, Joseph M. Haas, Jr., and Samuel D. Haas.