STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1130


MARION E. BOURGEOIS, ET AL.

VERSUS

LINDEN INTEREST


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 115410-E
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.


REVERSED AND RENDERED.

Burton Enoch Cestia Jr.
Burton & Cestia
P. O. Box 10337
New Iberia, LA 70562-0337
(337) 365-6628
COUNSEL FOR DEFENDANTS/APPELLEES:
    Linden Interest

**Stephen Francis Mestayer**
**Attorney at Law**
**P. O. Box 12340**
**New Iberia, LA 70562-2340**
**(337) 365-8181**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
 **Marion E. Bourgeois, et al.**

**SAUNDERS, Judge.**

This is a dispute over the boundary between two adjacent tracts of land and of ownership of an existing road that each tract owner uses for access to their land. The two tracts were created by a common ancestor's partition in 1950. The property descriptions of the two tracts note that the center of the existing road and a canal are to be the boundary between them. Attached to that partition is a plat drawn by a civil engineer that depicted the boundary between the two tracts as a straight line between two points. Both groups of tract owners agree that the straight line does not accurately depict the road.

The trial court found that the straight line depicted on the plat was the boundary between the two tracts and that, while the parts of the existing road were owned by each group of owners dependent on the boundary it fixed, use and maintenance of the road were predial servitudes of each tract. We reverse and render judgment that the boundary between the two tracts is fixed according to the property descriptions because the plat was erroneous and that the road is jointly owned and is to be jointly maintained by the owners of the two tracts.

**FACTS AND PROCEDURAL HISTORY:**

On March 6, 1951, the eleven shareholders of St. Paul Bourgeois, Inc. liquidated the company assets consisting primarily of immovable properties situated in Iberia Parish. The eleven shareholders comprised five family branches of the Bourgeois family.

The shareholders then partitioned, by Act of Partition dated March 7, 1951, recorded in COB 196, under Entry Number 81325 of the public records of Iberia Parish, all of the said immovable properties into five groups. The shareholders hired T.F. Kramer, a civil engineer, to survey all of their properties for purposes of

the Act of Partition. Kramer's plats of the various tracts were attached to the Partition and made a part thereof.

A dispute arose between the owners of West Linden Plantation (West Linden) and East Linden Plantation (East Linden) regarding their common boundary. West Linden contends that the boundary between the two tracts of land is supposed to be a canal and the centerline of a road that separated the two tracts as according to the property descriptions for each tract. East Linden contends that the boundary is supposed to be a straight line between two points, A2 and Y, as depicted on the plats drawn by Kramer. On October 28, 2009, West Linden filed a petition for boundary action.

After a trial on the merits, the trial court reached a judgment in favor of East Linden that the boundary between the two tracts was a straight line between points A2 and Y. West Linden timely filed this appeal and asserts three assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The trial court erred in failing to render a decision based on the intent of the parties to the original partition agreement, as reflected by a clear reading of the agreement and the other evidence produced by West Linden at the trial of this matter.

2. The trial court failed to take into consideration and recognize that the owners of West Linden physically possessed all of the land west of and up to the road since 1951, as owners, unequivocally, and within visible boundaries, and should also be recognized as owners of that property by virtue of acquisitive prescription.

3. The trial court erred in ruling that the private road which separates West Linden from East Linden is not owned jointly by the owners of West Linden and East Linden.

**ASSIGNMENT OF ERROR NUMBER ONE:**

West Linden contends in its first assignment of error that the trial court erred in failing to render a decision based on the intent of the parties to the original partition agreement, as reflected by a clear reading of that agreement and the other evidence produced by it at the trial of this matter. We find that this assignment of error has merit.

> An appellate court may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The Louisiana Supreme Court has set forth a two-part test for the reversal of a fact finder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court or jury, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong or manifestly erroneous. *Mart v. Hill*, 505 So.2d 1120 (La.1987); *Stobart v. State Through DOTD*, 617 So.2d 880 (La.1993).

> This dictates that a reviewing court must do more than simply review the record for some evidence which supports the finding of the trial court or jury. The reviewing court must review the record in its entirety to determine whether the trial court's or jury's finding was "manifestly erroneous" or "clearly wrong." *Stobart*, 617 So.2d 880. Furthermore, the reviewing court must always keep in mind that if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even if convinced that had it been sitting as the trier of fact it would have weighed the evidence differently. *Housley v. Cerise*, 579 So.2d 973 (La.1991); *Sistler v. Liberty Mutual Insurance Company*, 558 So.2d 1106 (La.1990).

*Kimbrough v. Hirsch*, 98-967, pp. 5-6 (La.App. 3 Cir. 2/3/99), 736 So.2d 871, 875-76, *writ denied*, 99-613 (La. 4/23/99), 742 So.2d 886.

Louisiana Civil Code Article 784 states that "[a] boundary is the line of separation between contiguous lands. A boundary marker is a natural or artificial object that marks on the ground the line of separation of contiguous lands."

> [T]he legal guides for determining a question of boundary, or the location of a land line, in the order of their importance and value, are: (1) [n]atural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. But the controlling consideration is the intention of the party or parties.

*Meyer v. Comegys*, 147 La. 851, 858, 86 So. 307, 309 (1920).

Our supreme court, in *Hurst v. Ricard*, 514 So.2d 14, 17 (La.1987), reinforced that the primary objective in fixing a boundary "is to determine and implement the intention of the parties and that the rules of interpretation set forth in statutes and jurisprudence must be considered as auxiliary rather than as absolutely controlling." In the case before us, East and West Linden's tracts were given to each by the 1951 partition of a St. Paul Bourgeois' land. Present in the record is the property description of the West Linden tract that indicates the line between East and West Linden travels from "Point Y on the east property line of the West Linden Plantation, thence S[outh] 41° 13' W[est] along a canal and the center line of a road dividing West Linden and East Linden Plantations. . ." to point A2. Also present in the record is the property description of the East Linden tract that indicates the line between East and West Linden begins at "the center line of a road dividing West and East Linden Plantations, Point A2, thence N[orth] 42 ° E[ast] along the center line of said road. . ." to point Y. The language of the property descriptions is clear. They fix the boundary between East and West Linden as lying between points A2 and Y along a canal and along the middle of the road that runs between the two tracts.

Additionally, the record contains the plat drawn for the 1951 partition, created by T.F. Kramer. The plat, to the contrary of the property descriptions, depicts a straight line as the common boundary for East and West Linden that runs between points A2 and Y. Thus, there is a conflict in the record as to what constitutes the boundary in dispute.

4

The trial court set the boundary line between East and West Linden as the straight line as drawn in the plat. In its reasons for judgment, the trial court cited *Lamson Petroleum Corp. v. Hallwood Petroleum, Inc.*, 00-695 (La.App 3 Cir. 1/31/01), 824 So.2d 1194 for the jurisprudentially accepted rule that when a property description conflicts with a plat or survey, the plat or survey prevails. Further, the trial court stated that the plat "clearly indicates that the property is divided by the A2 to Y line and not the centerline of the road." Finally, the trial court opined that "the A2 to Y line was always intended to be the boundary line; otherwise these points had no reason to be part of the property description."

The trial court is correct that *Lamson Petroleum Corp.* stands for the proposition that a plat or survey ***normally*** prevails over a conflicting property description. However, this court in *Lamson Petroleum Corp.* also stated that the general rule is not applicable when "it is very obvious that a [plat or] survey is wrong." *Id.* at 1204.

We find that the record, when viewed in its entirety, establishes that the 1951 plat is wrong when depicting the boundary in dispute. Plaintiff's Exhibit 7 is a report of survey created on April 23, 1959 by Kramer, the civil engineer that drew the plat in 1951. In the report, Kramer addressed why the 1951 plat and the property descriptions were in conflict where he states:

> [t]he reason for this discrepancy is that the line between West Linden Plantation and East Linden Plantation was not authorized and was[,] therefore[,] not surveyed in the year 1950 by me. The owners of the land were aware of this condition. I was advised in 1950 that it was the intent of all the owners concerned that the center line of this plantation road, regardless of alignment, was to mark and define the property line separating West Linden Plantation and East Linden Plantation.

It is clear from Kramer's report that the plat relied upon by the trial court was not accurate in its depiction of the boundary in dispute. Thus, the plat does

5

not provide a reasonable basis for the trial court to disregard the property descriptions nor does it provide a reasonable basis to determine that the boundary in dispute is a straight line between points A2 and Y. Kramer, as the plat's creator, explicitly states that the straight line depicted was not authorized or surveyed when it was drawn.

Moreover, the trial court's statement that points A2 and Y can only be included in the property descriptions to create a straight line as the boundary between the two tracts is erroneous. Those two points are included in the property descriptions because it is at point A2 where the border of the West Linden tract intersects with a canal and then changes direction by approximately ninety degrees. Thus, A2 is a point where one "corner" of the West Linden tract is located. Likewise, point Y is a point where a common "corner" is created for both the East and West Linden tracts. We note that point Y is located directly in the center of the road that then ran and continues to run between the two tracts.

East Linden contends in brief that further evidence proving that the boundary was always intended to be a straight line between points A2 and Y is that the acreage listed in the 1951 partition for it to receive is accurate if a straight line is used. The trial court also mentioned this fact in its reasons for judgment stating, "in order to obtain the necessary acreage as reflected in the T.F. Kramer surveys, that portion of the land and road must be included in the Tract B-4 East Linden Plantation."

This contention and statement by the trial court is also rebuked by evidence in the record. That evidence is in the form of two letters. The first is a letter written from St. Paul Bourgeois, III to Kramer that asks him, "[i]s it not a fact that for East Linden to receive its 436.77 Acres (Sheet 3 – April 1950) that a straight line be drawn from point 'Y' to point 'A2'?" The second is Kramer's letter written

6

in response to this question that states "the acreage was not of prime importance insofar as the partition was concerned."

Additionally, as noted above in his April 23, 1959 report, Kramer did not survey the boundary between East and West Linden due to the request of the owners in 1950. Seemingly, he used the length of the straight line between A2 and Y in calculating the acreage of each tract that he listed in the plat. Thus, it stands to reason that a straight line results in the correct acreage listed on the plat.

Accordingly, we find that the trial court was manifestly erroneous in choosing to use the plat created by Kramer in order to fix the boundary between East and West Linden along a straight line between points A2 and Y. There is no reasonable basis for the trial court's judgment and a thorough review of the record indicates that it is clearly wrong. Therefore, we reverse the trial court's judgment that the boundary between East and West Linden is a straight line between points A2 and Y.

Further, we render judgment that the boundary between East and West Linden is fixed "along a canal and the center line of a road dividing West Linden and East Linden Plantations" according to the property descriptions. We fix this as the boundary because this was clearly the intention of the parties when the 1951 partition transpired. We reiterate that Kramer's April 23, 1959 report states (emphasis added): "I was advised in 1950 that it was *the intent of all the owners* concerned that the center line of this plantation road, regardless of alignment, was to mark and define the property line separating West Linden Plantation and East Linden Plantation." Kramer's statement in his report is not controverted by any credible evidence in the record.

We note that this result is also harmonious with the jurisprudential guide for determining a boundary. A canal is either a natural or artificial monument. A road

is an artificial monument. According to the value assigned when fixing a boundary, both warrant more value than a straight line between A2 and Y, which is a course, or acreage, which is a quantity.

**ASSIGNMENT OF ERROR NUMBER TWO:**

West Linden's second assignment of error consists of an argument that the trial court failed to take into consideration and recognize that it physically possessed all of the land west of and up to the road since 1951, as owners, unequivocally, and within visible boundaries. Thus, according to West Linden, it should also be recognized as owners of that property by virtue of acquisitive prescription. We have already rendered judgment in Assignment of Error Number One that West Linden owns this land. Thus, this assignment of error is moot.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In its final assignment of error, West Linden contends that the trial court erred in ruling that the private road which separates West Linden from East Linden is not owned jointly by the owners of West Linden and East Linden. Again, we find merit to this assignment.

"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. "If the words of a contact are clear, explicit, and lead to no absurd results, it must be interpreted by reference to the 'four corners' of the document and no further interpretation can occur in search of the parties' intent." *Hebert v. Ins. Ctr., Inc.*, 97-298, p. 5 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007, 1011, *writ denied*, 98-353 (La.3/27/98), 716 So.2d 888.

Paragraph 19 of the 1951 partition states, in pertinent part:

it is recognized and agreed that the hard surfaced road (shown on Sheets 2 and 3 of the attached plats and maps), extending from State Highway 443 toward Lake Fausse Pointe, will remain the joint

8

property of . . . owners of West Linden and East Linden, respectively, and shall be used and maintained jointly by the owners of East Linden and West Linden.

We find the language in Paragraph 19 to be clear and explicit. The road that we fixed as the boundary between East and West Linden is owned and maintained jointly. The trial court's judgment is that Paragraph 19 creates a predial servitude for both East and West Linden to use the road and that ownership of portions of the road and adjacent lands was dependent on the straight line boundary it fixed between points A2 and Y. Our reversal of that judgment in Assignment of Error Number One renders the trial court's determination regarding ownership of the road to be absurd. Thus, we reverse the trial court's judgment delineating ownership of the road based on a straight line between points A2 and Y and render judgment that the road is owned and is to be maintained jointly by East and West Linden.

## CONCLUSION:

West Linden raises three assignments of error. The first two concern the boundary between its tract and a tract of land owned by East Linden. We find merit in West Linden's first assignment of error, reverse the trial court's judgment fixing the boundary between the tracts of land as a straight line between points A2 and Y, and render judgment that the boundary between the two tracts is fixed according to the property descriptions, i.e. along a canal and center of the road separating the tracts. This finding renders West Linden's second an assignment of error moot.

In its final assignment of error West Linden contends that the trial court erred in finding that the road between the two tracts of land was not jointly owned in interpreting Paragraph 19 of the 1950 partition. We found merit in this assignment, reversed the trial court's judgment, and rendered judgment that East

and West Linden jointly own and maintain the road separating their respective tracts.  All costs of these proceedings are assessed to East Linden.

**REVERSED AND RENDERED.**